UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-23057-CIV-ALTONAGA/Brown

**ANIA C. HERNANDEZ-RODRIGUEZ**,
*et al.*,

    Plaintiffs,

vs.

**A1 SUN PROTECTION, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Selective Insurance Company of the Southeast's ("Selective Insurance['s]") Motion for Judgment on the Pleadings [D.E. 47], filed February 5, 2010. The Court has considered the parties' written submissions and the applicable law.

### I. BACKGROUND

Plaintiffs, Ania C. Hernandez-Rodriguez and Doris Martinez ("Plaintiffs"), filed suit against Selective Insurance for breach of an insurance contract, the Residential Condominium Building Association Policy (the "Policy"). (*See* First Am. Compl. [D.E. 27] ¶¶ 55–59).

    **A.**    **Plaintiffs' Allegations**

While a contractor was installing insulation in Plaintiffs' neighbors' apartment, the contractor burst a water pipe in the neighbors' apartment. (*See id.* ¶¶ 15–17). The burst water pipe caused water to enter Plaintiffs' apartment, resulting in damage due to mold, mildew, and other effects from water intrusion. (*See id.* ¶¶ 35–36, 41–42).

In Count VIII, Plaintiffs allege Selective Insurance "had an obligation to make payments to Plaintiffs as specified under the [Policy]," which Selective Insurance breached by failing to pay

Case No. 09-23057-CIV-ALTONAGA/Brown

Plaintiffs' for their losses. (*Id.* ¶¶ 56–57). Plaintiffs further allege Selective Insurance owes them damages for (1) property damage, (2) contractual damages, (3) interest, (4) attorney's fees, and (5) costs. (*See id.* ¶ 58).

Plaintiffs' condo association procured the Policy from Selective Insurance. (*See id.*, Ex. A [D.E. 27-1] at 1). The insured listed on the Declaration page is Christy's Place Villas & Condo Association ("Christy's Place"), and Plaintiffs' names do not appear anywhere on the Declaration page. (*See id.*).

The Policy insures "against direct physical loss by or from flood." (*Id.* at 7). The Policy defines "flood" as:

> 1. A general and temporary condition of partial or complete inundation of two or more aces of normally dry land area or of two or more properties (at least one of which is your property) from:
>
>    a. Overflow of inland or tidal waters;
>
>    b. Unusual and rapid accumulation or runoff of surface waters from any source;
>
>    c. Mudflow
>
> 2. Collapse or subsidence of land along the shore of a lake or similar body of water as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels that result in a flood as defined in A.1.a. above.

(*Id.* at 5).

Exclusion D of the Policy also provides, in part:

We do not insure for direct physical loss caused directly or indirectly by:

\*        \*        \*

Case No. 09-23057-CIV-ALTONAGA/Brown

    4.    Water, moisture, mildew, or mold damage that result primarily from any condition:

        a.    Substantially confined to the insured building; or

        b.    That is within your control including, but not limited to:

            (1)    Design, structural, or mechanical defects;

            (2)    Failure, stoppage, or breakage of water or sewer lines, drains, pumps, fixtures, or equipment; or

            (3)    Failure to inspect and maintain the property after a flood recedes[.]

(*Id.*, Ex. A1 [D.E. 27-2] at 1).

**B.    Standard Flood Insurance Policies**

It is undisputed that Selective Insurance issued the Policy, a Standard Flood Insurance Policy ("SFIP") (*see id.*, Ex. A at 2), pursuant to the National Flood Insurance Program, which is administered by the Federal Emergency Management Agency ("FEMA"), and that the Policy conforms to the federal regulation for SFIPs. *See* 42 U.S.C. §§ 4071–72; 44 C.F.R. pt. 61, app. A(3); *see also Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998) ("The terms and conditions of all federal flood insurance policies . . . are fixed by FEMA.").

Under the National Flood Insurance Program, private insurance companies, who may issue SFIPs, arrange for the adjustment, settlement, payment, and defense of all claims arising from the policies. *See* 44 C.F.R. §§ 61.13(f), 62.23(d); *accord Gowland*, 143 F.3d at 953. The federal government, however, acts as the guarantor and reinsurer; thus, SFIP claims are ultimately paid by the U.S. Treasury. *See Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998). A private insurer issuing an SFIP may not alter, amend, or waive any provision of the SFIP, absent

Case No. 09-23057-CIV-ALTONAGA/Brown

consent from the Federal Insurance Administrator. *See* 44 C.F.R. pt. 61, app. A(3), art. VIII.D. And federal law governs all disputes arising from a claim under an SFIP. *See id.* art. X. Accordingly, the Policy provides "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA[,] the National Flood Insurance Act of 1968[,] as amended (42 U.S.C. 4001, *et seq.*)[,] and Federal common law[.]" (First Am. Compl., Ex. A1 at 12).

## II. LEGAL STANDARD

The standard for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss for failure to sate a claim under Federal Rule of Civil Procedure 12(b)(6). *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.38 (3d. ed. 2010); *see also Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). And, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "[j]udgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne*, 140 F.3d at 1370.

---

[1] The standard Selective Insurance proposes — that from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") — is no longer good law. *See Iqbal*, 129 S. Ct. at 1944 ("*Twombly* retired the *Conley* no-set-of-facts test . . . .").

Case No. 09-23057-CIV-ALTONAGA/Brown

## III. ANALYSIS

The elements of a breach of contract claim under federal common law are: "(1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). Selective Insurance maintains Plaintiffs have failed to state a claim because: (a) there is no valid contract between the parties; (b) Plaintiffs' loss is not covered under the Policy; and (c) Plaintiffs are not entitled to attorney's fees and pre-judgment interest.

### A. No Valid Contract

It is undisputed that Christy's Place, and not Plaintiffs, is the insured listed on the Declaration page of the Policy. And only the insured listed in the declaration is entitled to benefits under an SFIP. *See King v. State Farm Ins.*, No. 2:07cv00073, 2009 WL 3241602, at *4 (E.D. La. Oct. 5, 2009) ("Only the insured is entitled to the benefits under the [SFIP]. The policy only applies to the insured as shown on the Declarations page of the policy, which in this case only named Casa Grande Condominium Association."). Thus, Christy's Place, and not Plaintiffs, is the only party entitled to benefits under the Policy.

Plaintiffs, relying on Florida law, argue they are third party beneficiaries under the Policy. Florida law, however, does not govern Plaintiffs' claim (*see* First Am. Compl., Ex. A1 at 12), and Plaintiffs point to no federal statutes, regulations, or common law that would suggest they are third party beneficiaries under the Policy. Thus, Plaintiffs have failed to state a claim for breach of contract against Selective Insurance.

Case No. 09-23057-CIV-ALTONAGA/Brown

## B. No Covered Loss

Even if Plaintiffs are third party beneficiaries under the Policy, the Policy does not cover their loss. Selective Insurance asserts Plaintiffs' loss is not covered because: (1) Plaintiffs' loss was not caused by a flood; and (2) Plaintiffs' loss falls within Exclusion D of the Policy. The Court agrees Plaintiffs' loss was not caused by a flood and therefore does not address Exclusion D.

The Policy covers "direct physical loss by or from flood." (First Am. Compl., Ex. A at 7). The Policy defines "flood," in part, as "[a] general and temporary condition of partial or complete inundation . . . of two or more properties . . . from . . . [u]nusual and rapid accumulation or runoff of surface waters from any source." (*Id.* at 5). Plaintiffs maintain the water from the burst pipe satisfies the "rapid accumulation of waters" requirement. (Pls.' Resp. [D.E. 52] at 4). But, as Selective Insurance notes, the Policy requires a rapid accumulation of *surface* waters.

Neither the Policy nor the regulations define the term "surface waters." The Court may therefore consider its common meaning. *See Horton Homes, Inc. v. United States*, 357 F.3d 1209, 1212 n.6 (11th Cir. 2004) (defining statutory terms, which regulations failed to define, according to their common meaning). "Surface water" is "[w]ater lying on the surface of the earth but not forming part of a watercourse or lake," and it "most commonly derives from rain, springs, or melting snow." BLACK'S LAW DICTIONARY 1622 (8th ed. 2004); *accord Cali v. Republic Fire & Cas. Ins. Co.*, No. 08-5010, 2009 WL 5064469, at *3–4 (E.D. La. Dec. 16, 2009); *Cross Queen, Inc. v. Dir., Fed. Emergency Mgmt. Agency*, 516 F. Supp. 806, 808 (D.V.I. 1980). The common meaning of "surface water" does not include water from a burst pipe. Thus, Plaintiffs have failed to state a claim for this reason as well — they have suffered no "physical loss by or from flood."

Case No. 09-23057-CIV-ALTONAGA/Brown

### C. Attorney's Fees, Costs, and Pre-Judgment Interest

Since Plaintiffs have not stated a claim for breach of contract against Selective Insurance, there is no basis for an award of attorney's fees, costs, or pre-judgment interest.

### IV. CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion for Judgment on the Pleadings **[D.E. 47]** is **GRANTED**.

2. Count VIII of the First Amended Complaint against Selective Insurance Company of the Southeast is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of March, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record